IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES ELEY, | * |
| Petitioner, | * |
| v. | *   **Crim. Action No. RDB-19-0209** |
| | **Civil Action No.  RDB-21-1082** |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OPINION

On November 19, 2019, *pro* se Petitioner James Eley ("Eley" or "Petitioner") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846. (Plea Agreement, ECF No. 73.) This Court sentenced Petitioner to a total term of 63 months of imprisonment followed by a four-year period of supervised release. (Judgment, ECF No. 92.) This sentence was as agreed by Eley and the Government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 130.) Petitioner supplemented his Motion on May 17, 2021 and July 1, 2021. (ECF Nos. 132, 133.) The Government has filed a Response in opposition. (ECF No. 135.) Petitioner did not file a Reply and the time for doing so has passed. (*See* ECF No. 131.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130) is DENIED.

**BACKGROUND**

On April 24, 2019, James Eley was charged along with 2 co-defendants in a 3-Count Indictment with conspiracy to distribute and possess with intent to distribute heroin, fentanyl, cocaine, and cocaine base, in violation of 21 U.S.C. § 846 (Count 1). (Indictment, ECF No. 1.) This Court held a suppression hearing on October 7, 2019 to address the legality of the December 2018 traffic stop that led to the charges against Eley. (ECF No. 58.) After hearing argument of counsel and the testimony of various law enforcement witnesses, the Court denied Eley's Motions to Suppress. (ECF Nos. 59, 60.)

On November 19, 2019, Eley pled guilty to conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin and 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). (Plea Agreement, ECF No. 73.) Eley stipulated that, on December 13, 2018, he was pulled over by Delaware State Police troopers after he was observed in a parking lot meeting with the primary target of a wiretap investigation regarding the trafficking of significant amounts of fentanyl and heroin in Maryland. (*Id.*, Attachment A.) Pursuant to a consent search of Eley's vehicle, the troopers discovered approximately 7,800 branded waxed-paper folds containing a mixture of heroic and fentanyl. (*Id.*) Eley further stipulated that, during the search of his vehicle, he attempted to flee the scene of the stop but was ultimately chased down, secured, and arrested by the troopers. (*Id.*) In post-*Miranda* statements made to law enforcement after his arrest, Eley admitted that he knew the boxes contained heroin and that he was being paid for delivering the drugs to a third party. (*Id.*)

2

Pursuant to his plea agreement, Eley also waived his right to appeal his conviction and sentence. (*Id.* ¶ 10.)

This Court conducted a Sentencing Hearing on February 13, 2020. (ECF No. 91.) Under the Rule 11(c)(1)(C) plea agreement, the parties agreed that a sentence of 63 months' imprisonment was the appropriate disposition of this case. (Plea Agreement, ECF No. 73.) Accordingly, this Court adopted the Presentence Investigation Report without change, and sentenced Eley to 63 months' imprisonment, followed by a four-year period of supervised release. (Judgment, ECF No. 92; Statement of Reasons, ECF No. 93.)

On May 4, 2021, Eley filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 130.) Eley attached to his Motion a letter that implicitly acknowledges that his Motion was filed after the statute of limitations had run to file a § 2255 motion but asserts that he had delivered the Motion on February 5, 2021 to "Officer Shade to be handled via legal mail procedures." (ECF No. 130-1.) Eley filed a supplemental Motion on May 17, 2021, which included an envelope stamped February 8, 2021. (ECF Nos. 132, 132-1.) Eley filed another supplement to his Motion on July 1, 2021, which is originally dated June 20, 2021. (ECF No. 133). The Government filed its Opposition on July 12, 2021. (ECF No. 135.) Eley did not file a Reply.

**STANDARD OF REVIEW**

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United

3

States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

**ANALYSIS**

In his original Motion filed on May 4, 2021, Eley argues that his sentence must be vacated because his attorney failed to render effective assistance of counsel by failing to adequately present case law from the United States Court of Appeals for the Fourth Circuit and the United States Supreme Court at his suppression hearing and by failing to file a notice of appeal. (ECF No. 130.) In addition, Eley argues that the Government engaged in prosecutorial misconduct. (*Id.*) On May 17, 2021, Eley supplemented his Motion, raising the same ineffective assistance of counsel arguments and making an additional argument about prosecutorial misconduct. (ECF No. 132.) On July 1, 2021, Eley supplemented his Motion again, raising new arguments attacking his conviction and sentence. (ECF No. 133.)

**I.      Timeliness of Eley's July 1, 2021 Supplement (ECF No. 133)**

The Government does not dispute that Eley's May 4, 2021 Motion (ECF No. 130) and May 17, 2021 Supplement (ECF No. 132) were timely filed, given that each Motion contained sworn evidence that Eley had submitted the materials prior to February 28, 2021, the deadline for Eley to file a § 2255 petition. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."); *Clay v. United States*, 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003) (a conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires); *Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (same). However, the Government argues that Eley's July 1, 2021 Supplement (ECF No. 133) was not timely filed. Specifically, the Government argues that Eley's July 1, 2021 Supplement, originally dated June 20, 2021 with an envelope stamped

5

June 28, 2021, raises claims that are either not cognizable under § 2255 or do not relate back to his May 4, 2021 Motion or May 17, 2021 Supplement.

In the context of a § 2255 petition, untimely amendments to the original petition must "relate back" to the original claims. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). "In evaluating a 'relation back' theory in the context of a § 2255 motion, courts look to see whether the petitioner's new claims and original claims 'arise from separate occurrences of both time and type.'" *Anderson v. United States*, 468 F. Supp. 2d 780, 784 (D. Md. 2007) (quoting *Pittman*, 209 F.3d at 318). Accordingly, a petitioner's new claims of ineffective assistance of counsel do not relate back to an original claim of ineffective assistance of counsel if they are "based upon an entirely distinct type of attorney misfeasance." *Mitchell v. United States*, Criminal No. 4:12cr10, 2017 WL 6031813, at *14 (E.D. Va. Dec. 5, 2017) (quoting *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005). To relate back, the new claims "must arise from the 'same set of facts.'" *Anderson*, 468 F. Supp. 2d at 784 (quoting *United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999)).

In his July 1, 2021 Supplement, Petitioner argues: (1) the charge he pled to "was borne of an illegal search," violating his constitutional rights; (2) "Petitioner, at no time, is under investigation for drugs nor did he have prior drug convictions"; (3) the charge "is borne from an illegal state search…the basis of this charge is based on these drugs and a 'hearsay' meeting by the Petitioner and the true target of the Government"; (4) "Petitioner fought and won in Delaware court. The Government cannot provide evidence showing the Petitioner obtained drugs from the true target…."; (5) Petitioner filed numerous Freedom of Information Act Requests "to no avail"; (6) Petitioner's attorney rendered ineffective assistance of counsel by

failing to file an appeal; (7) this Court should subpoena Delaware court records concerning Petitioner to prove Petitioner's claims; (8) "an officer of one state cannot radio another officer of a different state to conduct a routine traffic stop in which they did not see."; (9) the Government "relied on 'post-*Miranda*'" statements made by the Petitioner"; (10) "the Government violated the basic premise of *Miranda* by using statements made in the state case to bolster a 'false' charge federally"; and (11) based on "*U.S. v. Vinnow*, the court held that the federal government could not use evidence borne from an illegal search and seizure, regardless if the illegal search was performed by the state or the feds." (ECF No. 133.)

After considering Petitioner's new claims with his originally raised claims of ineffective assistance of counsel and prosecutorial misconduct, this Court finds that Claims 2, 4, 5, 7, and 8 do not relate back as they simply do not arise from the same set of facts as Petitioner's claims asserted in his May 4, 2021 Motion and May 17, 2021 Supplement. Only claims 1, 3, 6, 9, 10, and 11 relate back to his original claims and will be considered below. Specifically, these claims relate back to Petitioner's timely arguments that his attorney rendered ineffective assistance of counsel, including failing to challenge the December 2018 traffic stop that led to Eley's charges and failing to file a notice of appeal, and that the Government engaged in prosecutorial misconduct. Consequently, claims 1, 3, 6, 9, 10 and 11 will be addressed below but claims 2, 4, 5, 7, and 8, which are new claims presented by Eley in his July 1, 2021 Supplement that do not relate back, are time-barred.[1]

---

[1] Even if Eley's claims were timely, the Court would reject them as they are not properly brought pursuant to 28 U.S.C. § 2255. Claims 2, 4, 5, 7, and 8 raise arguments that must have been brought on direct appeal and which are not subject to collateral review under § 2255 unless Petitioner can demonstrate cause and prejudice, or actual innocence, which Eley has not done. *See Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (The scope of a § 2255 collateral attack is far narrower than an appeal, and a "collateral challenge may not do service for an appeal."); *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010) (any failure to raise a claim on

7

II.     **Prosecutorial Misconduct**

Eley argues that the Government engaged in prosecutorial misconduct "by relying on information and 'evidence' deemed improper and inadmissible by Delaware State Courts" because the traffic stop resulted in "an illegal search, an illegal arrest, and an illegal prosecution." (ECF Nos. 130, 133.)  He also argues that the Government engaged in "gross misconduct in pursuing the charges against [him] in spite of Fourth Amendment violations, *Miranda* violations, an illegal traffic stop, and the fact that everything [he] said to the officers was misreported or completely ignored." (ECF Nos. 132, 133 (the Government "relied on 'post-*Miranda*' statements made by the Petitioner" and "the Government violated the basic premise of *Miranda* by using statements made in the state case to bolster a 'false' charge federally").)

"Prosecutorial misconduct warrants vacating a sentence only when the defendant demonstrates both (1) that the prosecutor's conduct was improper; and (2) that such misconduct 'prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial.'" *United States v. Langford*, Crim. No. JKB-15-539, 2021 WL 168457, at *4 (D. Md. Jan. 19, 2021) (quoting *United States v. Mitchell*, 1 F.3d 235, 241 (4th Cir. 1993)). Failure to raise claims of prosecutorial misconduct on direct appeal renders such arguments procedurally defaulted. *Jones v. United States*, Crim No. DKC-14-176, 2018 WL 1069438, at *4 (D. Md. Feb. 27, 2018) (citing *Pruett v. Thompson*, 996 F.2d 1560, 1565 (4th Cir. 1993)).

---

direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence.).

Eley's prosecutorial misconduct arguments are meritless. First, Eley's claims are procedurally defaulted because he failed to raise them on direct appeal. Second, Eley's arguments that prosecutors relied on inadmissible evidence resulting from an illegal traffic stop and that prosecutors violated Eley's rights are entirely speculative and do not provide any detail as to how the traffic stop was illegal or how the Government violated Eley's *Miranda* rights. Indeed, Eley makes no effort whatsoever to establish how the prosecutors' conduct was improper or that any alleged misconduct prejudicially affected his substantial rights. The Fourth Circuit has held that such "[a]iry generalities, conclusory assertions and hearsay statements [do] not suffice to establish prosecutorial misconduct." *United States v. Roane*, 378 F.3d 382, (4th Cir. 2004) (internal quotations omitted); *see also United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013). For these reasons, Eley's allegations of prosecutorial misconduct must fail.

### III. Ineffective Assistance of Trial Counsel

Eley argues that his counsel was deficient by failing to adequately challenge the legality of the December 2018 traffic stop that resulted in his charges (ECF Nos. 130, 132, 133); failing to file a motion to dismiss and motion for change of venue (ECF No. 132); and failing to file an appeal on his behalf (ECF Nos. 130, 132, 133).

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

9

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690.

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693. In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

### A. Counsel's failure to adequately challenge the legality of the December 2018 traffic and failure to file a motion to dismiss and motion for change of venue

Eley's arguments that his counsel was deficient by failing to adequately challenge the legality of the December 2018 traffic stop that resulted in his charges and by failing to file a motion to dismiss and motion for change of venue are meritless. As a preliminary matter, Eley expressed satisfaction with his counsel during the Rule 11 proceeding, affirming that he had "discussed the whole situation with [counsel], including the evidence in the case," that he was "fully satisfied with [counsel] and his representation" and the advice which he gave him, and that there was nothing he asked counsel to do that she had not done. (*See* 11/19/2019 Arraignment Tr. at 7:5-19.) Notably, this colloquy occurred *after* Eley's counsel had

represented him during a suppression hearing where counsel submitted multiple briefs, made arguments, and cross-examined the Government's witnesses. (*See* ECF Nos. 42, 43, 44, 56, 58.) There is no reason for this Court to now doubt the truth of Eley's sworn statements. *See United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted) ("A defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.").

Johnson's argument that his counsel failed to file adequately challenge the legality of the December 2018 traffic stop that resulted in his charges is also belied by the fact that his counsel *did* seek to challenge the traffic stop through both written motion and at a suppression hearing held on October 7, 2019. (*See* ECF No. 58.) After hearing argument of counsel and the testimony of various law enforcement witnesses, however, the Court denied Eley's Motions to Suppress. (ECF Nos. 59, 60.) As to counsel's failure to file a motion to dismiss and a motion to change venue, the Court sees no reason to find that Eley's counsel's decision not to file such motions was anything other than "sound strategy." *See Strickland*, 466 U.S. at 689.

### B. Counsel's failure to file a Notice of Appeal

Eley also argues that his counsel was ineffective by failing to file a Notice of Appeal on his behalf. However, this argument is contradicted by Eley's own sworn statements during the Rule 11 proceeding and at sentencing. At his arraignment, Eley expressed his understanding that he had waived his right to appeal:

11

| | |
|---|---|
| **The Court:** | In this case there is a waiver of appeal by both you and the government to the agreed sentence of 63 months. Do you understand that? |
| **The Defendant:** | Yes, sir. |

* * *

| | |
|---|---|
| **The Court:** | If there was a trial in this case and if you were found guilty, you could appeal both the verdict of guilty as well any sentence imposed. There would be no waiver of appeal in this case as there is now under paragraph 10, do you understand that? |
| **The Defendant:** | Yes, sir. |

(11/19/2019 Arraignment Tr. at 15:10-13, 22:9-14.)

Likewise at sentencing, the colloquy between Eley's counsel, Richard Bardos, and the Court contradict Eley's present assertion that his counsel failed to inform him of his right to file an appeal:

| | |
|---|---|
| **The Court:** | Both sides have agreed to that sentence and both sides waive appeal of that sentence. Correct[]? |
| **Mr. Bardos:** | Yes, Your Honor. |

* * *

| | |
|---|---|
| **The Court:** | As we've already indicated in paragraph 10 of the plea agreement letter which is introduced as Government's Exhibit 1, at the time of your guilty plea last November, both you and the government waive appeal of the sentence of 66 months but if for any reason you still wanted to note an appeal you should do so within 14 days of the entry of the Judgment and Commitment Order in this case pursuant to Rule 4B of the federal rules of appellate procedure. If you cannot afford an attorney to represent you, an attorney can be appointed to represent you. Mr. Bardos, you do not need to notify the court but just make sure that your own file reflects that you've talked with him about that and presumably he does not desire to file an appeal in this case. |

(2/13/2020 Sentencing Tr. at 4:14-22; 27:8-21.) Indeed, Eley does not allege that he ever requested counsel to file a notice of appeal and Eley's counsel has filed an affidavit stating that Eley never asked him to file an appeal. (*See* Affidavit of Richard Bardos, ECF No. 135-1.) Accordingly, there is no reason for this Court to now doubt the truth of Eley's sworn statements that he understood his appeal rights. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations omitted).

Finally, even if counsel's conduct was deficient, Eley does not argue that but for counsel's alleged errors, he would not have pled guilty. As such, Eley fails to satisfy the prejudice prong of the *Strickland* standard. *See Hill*, 474 U.S. at 59. In sum, Eley's claims of ineffective assistance of counsel cannot overcome the "'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *See Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 689).

As a result, Johnson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130) is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 130) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

      A separate Order follows.

Dated: August 26, 2021

                                                                                            _____/s/_____
                                                                                            Richard D. Bennett
                                                                                            United States District Judge